# In the United States District Court for the Western District of Texas

| MAURO T. PADILLA | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | SA-12-CV-429-XR |
| UNITED STATES OF AMERICA | § | SA-09-CR-800 |

**ORDER**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed November 30, 2012 (docket no. 97) and Plaintiff's objections thereto (docket no. 102). After careful consideration, the Court will overrule the objections, adopt the Magistrate Judge's Report and Recommendation and deny Padilla's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In this case, Padilla specifically states he has no objections to pages 1 through 43 of the Report and Recommendation. This Court has reviewed those pages and found that the materials therein are neither clearly erroneous nor contrary to law. This Court adopts those pages of the Report and Recommendation in their entirety.

Padilla objects to pages 44 through 50 of the Report and Recommendation arguing that the Magistrate Judge erred in discussing the evidence in support of his ineffective assistance of counsel claim. Padilla argues that his trial counsel was ineffective by failing to adequately inform him, prior to his entry of a guilty plea, how the sentencing guidelines could be applied in his case. Padilla asserts that it was his understanding that he would receive a sentence of probation to one year. The Magistrate Judge conducted an evidentiary hearing in this 2255 proceeding. Although Mr. and Mrs. Padilla testified that it was their understanding that Padilla would receive a sentence within probation to one year, Padilla's trial counsel testified that he made no promises to Padilla regarding his sentence, he provided Padilla "estimated possible sentences," that as the case progressed he became aware that Padilla had misled him on various matters, and that his understanding of the number of investors defrauded and the financial magnitude of the losses progressed as the case went along. The Magistrate Judge concluded that Padilla had not "demonstrated that his attorney's discussion with him about possible sentences … was deficient."[1] This Court agrees. Padilla has not established that his attorney told him on the date that he pled guilty that he would only receive a probation to one year sentence.

Alternatively, the Magistrate Judge noted that Padilla was aware prior to his sentencing, through his review of a draft presentence report (PSR), that he was potentially facing a sentence of 78 to 97 months. Thereafter numerous continuances of the sentencing hearing were requested to address outstanding issues, such as the number of investor victims and loss calculations. On

---

[1] Report and Recommendation at page 48.

December 20, 2010, Padilla's counsel filed 36 pages of objections to the PSR challenging the number of victims, loss calculations, restitution and other issues. A revised PSR was issued by the probation officer that calculated a guideline sentence between 210 to 262 months. Padilla's highly contested sentencing hearing took place with various witnesses presented on April 14, 2011. The Court ruled on the various objections lodged by Padilla to the PSR and the resulting advisory guideline range was 151 to 188 months. The Court found that a 144 month sentence was appropriate.

From the plea hearing to the date sentencing finally took place, Padilla at no time sought to withdraw his plea claiming that he thought he would receive a probation to one year sentence. These facts support the Magistrate Judge's conclusion that Padilla had not "demonstrated that his attorney's discussion with him about possible sentences … was deficient." Padilla argues that he did not attempt to withdraw his plea because he feared that if he did so his wife and son would be indicted and that the government would seek to prosecute him on all the counts alleged in the indictment. At the evidentiary hearing in this 2225 matter, the Magistrate Judge heard evidence from both Padilla and the Government. The Magistrate Judge heard evidence that there were "no negotiations between the Government and [defense attorney] Cortez relating to possible criminal charges against Mrs. Padilla and/or the sons…."[2] In reviewing the testimony de novo, this Court concludes that Padilla has failed to establish that his attorney was ineffective. The Court further concludes that Padilla's argument that he failed to withdraw his plea because he feared his wife and/or sons would face prosecution lacks merit. The Court further finds that Padilla understood at the plea hearing that he could have been sentenced up to 30 years and understood from the date the initial draft PSR was released to him through the date of the sentencing hearing that he was facing in excess of 78 months and possibly an advisory guideline sentence of 262 months.

---

[2] *Id*. at page 32.

Any argument by Padilla that he relied upon a probation to one year sentence is simply refuted by the facts. Padilla was aware at the plea hearing that there were a number of issues that were not agreed to between him and the Government, and that those issues would be addressed in a PSR and decided at his sentencing hearing. He was hopeful that the issues of numbers of victims, losses and restitution would be resolved favorably to him. His attorney, however, provided him no such assurances. His attorney did not provide him any erroneous advice. To the contrary, Cortez vigorously advocated on Padilla's behalf to resolve the sentencing enhancements in Defendant's favor. Although Padilla now argues he may not have seen a sentencing memorandum filed by the Government, the evidentiary record in this 2255 case establishes that he was aware of certain draft PSRs and the advisory sentencing ranges reflected therein. In sum, all of Padilla's objections fail.

Padilla also objects to pages 55 through 61 of the Report and Recommendation arguing that his counsel was ineffective by also representing Mrs. Padilla, and thus engaged in a conflict of interest. At no time was Mrs. Padilla charged in this indictment and thus Cortez did not represent her in this case. Padilla argues that Mrs. Padilla believed that she was either a target or being investigated by law enforcement officials, and that Mrs. Padilla informed these law enforcement officials that she was represented by Cortez. Padilla further argues that based upon what Cortez told him at a much later date, he was under the impression that if he did not plead guilty there was a high possibility that his wife and son would be indicted, so he decided to become a sacrificial goat.[3] Apparently this is an alternative argument to the objection raised above (he pled guilty under the advice that he would receive probation to one year). To the extent that Padilla argues that he was threatened or coerced into entering into a plea agreement, he specifically disavowed such a statement under oath at the plea hearing. When asked whether

---
[3] Padilla's objections (docket no. 102) at page 10.

he was satisfied with the representation that Attorney Cortez provided him, Padilla answered that he was satisfied with his attorney and made no claims that his counsel was not adequately representing him or that his lawyer's representation of him was tainted or hindered by any conflict of interest.

"To prove ineffective assistance of counsel based on a conflict of interest, a § 2255 movant must show 'that an actual conflict of interest adversely affected his lawyer's performance.' A voluntary and unconditional guilty plea waives all non-jurisdictional defects antecedent to the plea. Thus, to prevail on his ineffective assistance claim, [a 2255 movant] also must show that counsel's alleged conflict of interest rendered his guilty plea involuntary." *U.S. v. Scruggs*, 691 F.3d 660, 670 (5th Cir. 2012). "Further, he must show: either he did not knowingly, voluntarily, and intelligently waive this conflict, *United States v. Greig*, 967 F.2d 1018, 1021–22 (5th Cir. 1992); or the conflict was 'so severe as to render [his] trial inherently unfair', regardless of waiver…." *U.S. v. Job*, 387 Fed. Appx. 445 (5th Cir. 2010).

Padilla must show that his counsel "actively represented conflicting interests." *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980). "Prejudice is presumed ... only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's performance." *United States v. McCaskey*, 9 F.3d 368, 381 (5th Cir. 1993) (citation omitted). Padilla has neither shown that his counsel actively represented conflicting interests, nor demonstrated how the alleged conflict of interest adversely affected his counsel's performance. *McCaskey*, 9 F.3d at 381. Therefore, Padilla has not established that he was prejudiced by his counsel's alleged conflict of interest. In sum, all of Padilla's objections on this claim fail.

Finally, Padilla objects to the Magistrate Judge's conclusion that he did not unequivocally direct his counsel to file a notice of appeal. At the evidentiary hearing before the Magistrate Judge, Padilla testified that he told Cortez to file an appeal after sentencing. Cortez testified that he informed Padilla that an appeal would likely not be successful, but that he left the decision to appeal or not with Padilla and that Padilla told him during a jail meeting that no appeal should be filed. The Magistrate Judge concluded that Padilla's claim that he instructed Cortez to file an appeal was conclusory. Padilla offered no evidence that he retained Cortez or some other attorney to handle his appeal, provided no evidence that he paid any filing fees to appeal, and never requested to see any notice of appeal. The Magistrate Judge noted that Cortez continued to represent Padilla in various civil cases, yet Padilla never offered any non-conclusory testimony to support his claim that he wanted an appeal of his criminal case and any updates regarding same. The Magistrate Judge further noted that Cortez had been diligent in handling attempts to secure cooperation credit for Padilla, filed detailed, lengthy objections to the PSR and engaged in a contested evidentiary sentencing hearing. Given his past conduct, the Magistrate Judge concluded that it is likely that Cortez would have timely filed a notice of appeal had he been directed to do so by Padilla. Padilla's objection to the Magistrate Judge's Report and Recommendation again merely states in a conclusory fashion that Padilla "wanted" a notice of appeal filed.

The Fifth Circuit has held counsel is per se ineffective for failing to file a notice of appeal when his client requested to file an appeal, even where a defendant has pled guilty pursuant to a plea agreement and waived most of his rights to appeal. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). In this case Padilla and his attorney discussed the probabilities of success on appeal. Cortez denies that Padilla requested that an appeal be filed. The Magistrate Judge found

that Padilla did not establish by a preponderance of the evidence that Padilla instructed counsel to appeal. This Court adopts the Magistrate Judge's findings after its own de novo review. Because Padilla has not established that he directed his lawyer to file a notice of appeal, he cannot succeed on his claim that counsel was ineffective for failing to carry out the request. *See U.S. v. Joy*, 354 Fed. Appx. 45 (5th Cir. 2009).

**Conclusion**

The Court overrules Padilla's objections, adopts the Magistrate Judge's Report and Recommendation and consistent with the Report and Recommendation and the Order above, denies Padilla's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

SIGNED this 28th day of January, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE